IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY JEAN THARP, )
        Plaintiff, )
 -vs- ) Civil Action No. 16-1344
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
        Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

**I.**    **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging disability beginning on June 1, 2012. (ECF No. 10-7, p. 2). Administrative Law Judge ("ALJ"), Richard Furcolo, held a hearing on July 28, 2015. (ECF No. 10-3). On August 14, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-2, pp. 12-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.** **Severe Impairment**

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, Plaintiff argues that the ALJ erred in failing to find her mental health impairments to be severe. (ECF No. 13, pp. 6-8). Although the ALJ did not find her mental impairments to be severe, the ALJ found that Plaintiff has the following severe impairment: degenerative disc disease. (ECF No. 10-2, pp. 14-16). So, the ALJ proceeded to the next steps. (ECF No. 10-2, p. 16). Thus, Plaintiff was not denied benefits at step two.

The ALJ proceeded beyond step two. (ECF No. 10-2, pp. 16-24). In so doing, the ALJ

acknowledged that in making the residual functional capacity ("RFC")[2] determination he considered all symptoms. (ECF No. 10-2, p. 17). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 10-2, pp. 17-24). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

      Plaintiff also boldly concludes in this section that the ALJ "should have sent Tharp to a post-hearing psychological consultative examination to accurately assess her mental health limitations" since the record does not contain a mental RFC assessment. (ECF No. 13, p. 7). This statement falls woefully short. The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter,* 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917. An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record. *See,* 20 C.F.R. §§404.1519(a), 416.919(a). Based on the existing medical records in this case, I find the ALJ was not required to order a consultative examination. The record was sufficient such that the ALJ could make a proper determination. Thus, I find no error in this regard.

---

[2] RFC stands for residual functional capacity and refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

### C. <u>Past Relevant Work</u>

Plaintiff next argues that the ALJ's determination that she could perform her past relevant work was not supported by substantial evidence. (ECF No. 13, pp. 8-9). In support thereof, Plaintiff argues the ALJ did not take specific testimony from Plaintiff or the vocational expert ("VE") regarding the demands of her past relevant work. *Id.* As a result, Plaintiff suggests that remand is warranted.

Past relevant work pertains to the particular job or the occupation as performed by a plaintiff.

> The part of the law pertaining to past relevant work provides that as a part of the requirements for a finding of disability a claimant must have a medically determinable physical or mental impairment of such severity that he or she is not able to do his or her previous work. Sections 404.1520(e) and 416.920(e) of the regulations state as follows:
>
> "Your impairment must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment, we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. <u>*If you can still do this kind of work*</u>, we will find that you are not disabled." (Underscoring added.)

SSR 82-61. Thus, "a claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform…the actual functional demands and job duties of a particular past relevant job." *Id.*

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62.

In this case, Plaintiff testified that she worked as a dump truck driver, a cashier, a food worker, a school bus driver and a delivery person. (ECF No. 10-3, pp. 21-25). The ALJ asked

Plaintiff the heaviest weight she lifted in those positions. *Id.* The ALJ also asked the VE the exertional and skill level associated with Plaintiff's past relevant work to which the VE responded. (ECF No. 10-3, pp. 29-32). Additionally, the VE testified that his testimony was consistent with the Dictionary of Occupational Titles. *Id.* at p. 32. Thus, based on a review of the record, I find no merit to Plaintiff's argument that the ALJ did not take specific testimony from Plaintiff or the vocational expert ("VE") regarding the demands of her past relevant work.

Furthermore, the ALJ compared Plaintiff's RFC with the physical and mental demands of Plaintiff's past relevant work and concurred with the VE that Plaintiff was able to perform those jobs both actually and as generally performed in the national economy. (ECF No. 10-2, pp. 23-24). Thus, I find the ALJ's determination that Plaintiff could perform her past relevant work was supported by substantial evidence. Therefore, I find no error in this regard.

D. **Credibility**

Plaintiff's final argument is that the ALJ erred in assessing her credibility. (ECF No. 13, pp. 10-14). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported

by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 10-2, pp. 12-24). Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. *Id.* Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY JEAN THARP, )
 )
    Plaintiff, )
  -vs- ) Civil Action No. 16-1344
 )
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of September, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 16) is granted.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                           Donetta W. Ambrose
                           United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.